IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PCI MANUFACTURING, LLC, | § | CASE NO. 16-41888 |
| | § | (Chapter 11) |
| DEBTOR | § | |
| | § | |

**MOTION TO APPROVE SALE OF REAL PROPERTY AND PERSONAL PROPERTY
BY PUBLIC AUCTION, FREE AND CLEAR OF INTERESTS**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS APPLICATION WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR RESPONSE MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

PCI Manufacturing LLC, the chapter 11 debtor-in-possession (the "***Debtor***") files this Motion to Approve Sale of Real Property and Personal Property by Public Auction, Free and Clear of Interests ("***Motion***") and would respectfully show the Court as follows:

**Background**

1.  On October 18, 2016 (the "***Petition Date***") the Debtor filed its voluntary petition under chapter 11 of the United States Bankruptcy Code.

2.  The Debtor is in possession of its property and is managing its affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor owns real property located at 200 CMH Drive, Sulphur Springs Texas (the "*Real Property*") which includes approximately 68,000 square feet in two buildings on approximately 10 acres of land.

4. The following parties assert security interests and/or liens upon the Real Property: Hopkins County Tax Office, Sulphur Springs ISD, Texas Heritage national Bank, Steel & Pipe Supply Inc., Univar USA Inc., and Quality Trailer Products (the **"Real Property Secured Creditors"**).

5. The Debtor owns personal property located at 200 CMH Drive, Sulphur Springs Texas, 906 Hillcrest Drive, Sulphur Springs, Texas and 903 I-30 East Sulphur Springs, Texas. The personal property consists of machinery and equipment, attachments and parts including, but not limited to, plant support equipment, tooling attachments, material handling, rolling stock, furniture, furnishings and fixtures, scrap materials, inventory and finished goods, and other tangible property (collectively the "*Personal Property*").

6. The following parties assert security interests and/or liens upon the Personal Property: Sulphur Springs Independent School District, City of Sulphur Springs, Hopkins County Tax Office, Element Financial Corporation, Steel & Pipe Supply Company and Sovereign Bank collectively, the (*"Personal Property Secured Creditors"*).

7. There is no equity in either the Real Property or the Personal Property above the amount of the Secured Creditors' liens.

## Request to Sell Personal Property by Auction

8. The Debtor seeks authority to sell the Real Property and Personal Property by public auction on or about December 14, 2016 or at such other time as the Debtor, upon consultation with its auctioneer, determines is in the best interest of the bankruptcy estate. The

Real Property will be auctioned with a reserve. If the reserve amount is not reached, the Debtor has the option to withdraw the Real Property from the sale. Also, among the Personal Property items, only the inventory and finished goods will be sold subject to a reserve.

9. From the gross auction sale proceeds, and prior to making payment to the respective Secured Creditors, the Debtor will pay: i) applicable auctioneer costs and real estate agent commissions; ii) the ad valorem property taxes associated with the Real Property and Personal Property; iii) U.S. Trustee Quarterly Fees associated with the sale; and iv) the attorney's fees incurred by Debtor's counsel associated with the auction and conveyance of title to the Personal Property to the buyers at auction (collectively referred to as the "***Costs of Sale***"). The Costs of Sale will only be paid by the Debtor following further order of Court.

10. After the payment of the Costs of Sale the Debtor will file a motion to distribute the remaining auction proceeds to the appropriate secured creditor.

11. The Debtor has filed an application to employ DFW Lee & Associates (the ***"Real Estate Broker"***) to market and sell the Real Property. The agreed upon sale commission is six percent (6%) of the first $2,000,000 and four and a half percent (4.5%) on the remainder of the sale price. The Debtor has also filed an application to employ Loeb Winternitz Industrial Auctioneers, LLC (the "***Auctioneer***") to conduct the auction of the Personal Property. The Debtor proposes to compensate the Auctioneer through a fifteen percent (15%) buyer's premium to be collected from the purchasers plus reimbursement from the Debtor for out-of-pocket expenses not to exceed $75,000. A buyer's premium based on a sale price in excess of $1 million will result in 25% rebate to the Debtor calculated on the amount over $1 million.

**Request to Sell Real Property and Personal Property**
**Free and Clear of all Liens, Claims and Encumbrances**

12. The Debtor requests authority to sell the subject Real Property and Personal

Property free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f) with all such liens, claims, encumbrances and interests attaching to the proceeds of the sale.

13. The Debtor submits that the sale of the Real Property and Personal Property at an auction under §363(f) is in the best interest of the estate and its creditors. The auction process will enable the Debtor to receive the highest and best price for the properties.

14. The Debtor also requests that the 14-day stay under Fed. R. Bankr. P. Rule 6004(h) not apply so that the buyers at the auction can promptly obtain title to the Real Property and Personal Property.

## **Basis for Relief Requested**

15. The Debtor has determined that given the amount of the secured debt, a reorganization is not possible and that a disposition of its assets through an auction is in the best interest of the estate since it will maximize the return to creditors. The Debtor requests the Court to approve the relief requested herein provided that the Court approves a sale order directing that gross auction proceeds will be used first to pay the Costs of Sale and thereafter the remaining auction proceeds will be paid to Secured Creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that this Court enter an order:

   a. authorizing the Debtor to sell the Real Property (with a reserve) and Personal Property by public auction, free and clear of all interests pursuant to 11 U.S.C. § 363(f), with all interests to attach to the net proceeds of sale to the same extent, validity, and priority as to the property sold;

   b. authorizing that the public auction shall take place on or about December 14, 2016 or such other time as may be necessary to maximize the net recovery to the estate;

c. authorizing the Debtor to first pay the Costs of Sale from the gross auction proceeds and then thereafter to pay the appropriate Secured Creditor, pending further order of the Court; and

d. granting the Debtor such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1851 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ John Paul Stanford*
John Paul Stanford
State Bar No. 19037350

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served by electronic transmission via the CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, and/or regular U.S. mail, postage prepaid, on this 11th day of November, 2016, on all parties on the attached matrix not receiving ECF notification.

*/s/ John Paul Stanford*